**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE:  ETHICON, INC.,
      PELVIC REPAIR SYSTEM              MDL NO. 2327
      PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

*Poole, et al. v. Ethicon, Inc., et al.*          Civil Action No. 2:12-cv-01978

**MEMORANDUM AND ORDER**

      Pending before the court is the Motion to Dismiss of Defendants Fort Bend OB-GYN, LLP, Duc B. Le, MD, and Niraj Patel, MD or, Alternatively, Motion to be Removed from Ethicon Wave 2 Cases ("Mot. to Dismiss"), filed December 4, 2015. [ECF No. 48].   The plaintiffs have responded, and this motion is ripe for review. For the reasons stated below, the defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part**.

      In the motion, defendants Fort Bend OB-GYN, LLP, Dr. Le, and Dr. Patel ("Physician Defendants") argue, without legal rationale, that they should be dismissed from this case with prejudice and that the plaintiffs' claims should proceed only against Ethicon, Inc., and Johnson & Johnson.   Mot. to Dismiss ¶ 2 [ECF No. 48]. The plaintiffs responded, noting "[d]efendants provided no grounds for dismissing Defendants with prejudice." Pls.' Resp. to Mot. to Dismiss ¶ 1 [ECF No. 51].

      In my Order denying Plaintiffs' Motion to Reconsider Plaintiffs' Motion to Remand, entered November 25, 2013, I utilized the appropriate motion to dismiss analysis on the same claims at issue in the present matter to determine whether granting leave to the plaintiffs to amend their complaint would be futile. Mem. Op. and Order 10 [ECF No. 40] ("In the Fourth Circuit, an

amendment is futile if it would fail to survive a motion to dismiss.")(quoting *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)). In my Order, I found "the plaintiffs have sufficiently stated a claim for [] medical malpractice against Dr. Patel and Dr. Le." *Id.* at 10-11 (finding that the plaintiffs have pled facts sufficient to plausibly establish the elements of duty, breach, injury and causation). Furthermore, the complaint also sufficiently pled facts establishing claims against Fort Bend OB-GYN, LLP. *Id.* at 12 ("Because the physicians could be liable, so could the facilities."). I also found the complaint sufficiently stated a claim for lack of informed consent. *Id.* at 11-12. The plaintiffs have neither attempted to nor actually made any showing why this reasoning should no longer hold.  Thus, I do not agree with the defendants that the Physician Defendants should be dismissed with prejudice.

Alternatively, the Physician Defendants move that this court remove this case from the Ethicon Wave 2 cases. The Physician Defendants request that this case be removed from the Wave 2 selection because the plaintiffs' claims involve claims against non-Ethicon defendants. Mot. to Dismiss ¶¶ 1-2 [ECF No. 48]. The plaintiffs made no response as to removing this case from Wave 2. Pls.' Resp. to Mot. to Dismiss [ECF No. 51]. In an effort to efficiently and effectively manage this massive MDL, I decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready, it can then be promptly transferred or remanded to the appropriate district for trial. To this end, I ordered the plaintiffs and defendant to select 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson or allege claims against only the Ethicon defendants' products. Those cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded, Pretrial Order #206 [ECF No. 43]. In the present case, the plaintiffs allege claims against non-Ethicon

defendants.  This case, therefore, should not have been included in the Ethicon Wave 2 group of cases.

      For the reasons stated above, the Physician Defendant's Motion to Dismiss and/or be Removed from Ethicon Wave 2 Cases, [ECF No. 48], is **DENIED in part** with respect to the Physician Defendants' Motion to Dismiss and **GRANTED in part** with respect to the Physician Defendants' Motion to be Removed from Ethicon Wave 2 cases.

      The Clerk is **DIRECTED** to remove the Wave 2 flag from this case and send a copy of this Order to counsel of record and any unrepresented party.

      ENTER:  February 9, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE