IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION            MDL No. 2327

------------------------------------------------------

THIS DOCUMENT RELATES TO:
*Cheryl Poole, et al. v. Ethicon, et al.*            Civ. Action No. 2:12-cv-1978

ORDER

Pending before the court are the plaintiffs' Motion to Remand [ECF No. 59] and Request for Hearing [ECF No. 63].[1] The defendants have responded to the Motion. Ethicon's Resp. [ECF No. 60]; Physicians' Resp. [ECF No. 61]. And the plaintiff replied. Reply [ECF No. 62]. So the Motion is ripe for adjudication. The court **DENIES** the Motion; as a result, the Request is **DENIED** as moot.

In short, the court **DENIES** the Motion as premature. Neither pretrial motion practice nor discovery is complete in these cases; because pretrial proceedings remain underway, none of these cases are ready for remand. Remanding these cases at this time would run contrary to the purpose of multidistrict litigation. *See* Barbara J.

---

[1] The plaintiffs are advised that, under the Local Rules, a motion to remand must be accompanied by a memorandum of law. S.D. W. Va. L.R. Civ. P. 7.1(a)(2)(12). Generally, a party's failure to comply with this rule results in the non-prejudicial dismissal of the deficient filing. Because the Motion is clearly subject to dismissal on its merits, the court will not dismiss it without prejudice only to later deny the Motion on the merits. The plaintiffs are further advised to review the Local Rules and to follow the Local Rules. *See Scraggs v. NGK Spark Plugs (U.S.A.) Inc.*, No. 2:15-cv-11357, slip op. at 9 (S.D. W. Va. May 13, 2016) (opinion available at http://www.wvsd.uscourts.gov/sites/default/files/opinions/2-15-cv-11357.pdf).

Rothstein & Catherine R. Borden, Fed. Judicial Ctr., *Managing Multidistrict Litigation in Products Liability Cases* 3 (2011) ("[The transferee judge's] ultimate responsibility is to resolve pretrial issues in a timely and expeditious manner. The transferee judge supervises discovery; resolves important evidentiary disputes, class certification issues, and dispositive motions; and establishes procedures that will aid the parties in settlement negotiations."). So the court will not remand this case until pretrial proceedings are complete. *See* PTO No. 12, at 3–4.

"Common discovery," the plaintiffs claim, "has ended." Mot. 4. According to the plaintiff, documents have been produced, interrogatories have been answered, witnesses have been deposed, expert reports have been submitted. *Id.* at 4. "What remains to be done in this case is case specific," they continue, so the case will not benefit by remaining in the MDL and should be remanded to Texas for trial. *Id.* at 5.

It is not yet time to return this case to Texas. Although this case was previously assigned to a wave, it was removed from the wave and is not presently assigned to a wave for pretrial workup. *See* Memorandum & Order, Feb. 9, 2016 [ECF No. 52] (removing this case from the second wave of case in this MDL). When this case was removed from its former wave, a majority of the discovery-related deadlines remained far in the future. *See* Pretrial Order No. 206. So discovery was far from complete.

Even if discovery were complete, pretrial proceedings remain incomplete. For example, dispositive motions, *Daubert* motions, and motions in limine have not been filed or decided. Accordingly, the court **DENIES** the Motion to Remand [ECF No. 59]

2

and the Request for Hearing [ECF No. 63]. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:    May 16, 2016

                JOSEPH R. GOODWIN
                UNITED STATES DISTRICT JUDGE